[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12087
Non-Argument Calendar

_____

D.C. Docket No. 06-00098-CV-CAR-5

JIMMIE BOWERS,

Plaintiff-Appellant,

versus

NORFOLK SOUTHERN CORPORATION,
NORFOLK SOUTHERN RAILWAY COMPANY,
CENTRAL OF GEORGIA RAILROAD COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 18, 2008)**

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

Jimmie Bowers sued Norfolk Southern Corporation, Norkfolk Southern Railway Company, and Central of Georgia Railroad Company under the Federal Employers Liability Act. In his suit, Bowers alleged he was injured after riding on a defective locomotive seat. Bowers sought to introduce expert testimony regarding the cause of his injuries, but the district court granted the Defendants' motion to exclude Bowers's expert testimony on causation. The district court then granted the Defendants' motion for summary judgment on the ground that Bowers failed to show causation. Bowers appeals the grant of summary judgment.

On appeal, Bowers challenges the district court's exclusion of the causation testimony of Dr. David A. Miller, Dr. Arthur Wardell, Dr. Roy Baker, and Michael O'Brien. Specifically, Bowers contends the district court abused its discretion in its analysis of whether the expert testimony should be admitted under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

We review a district court's ruling "on the admissibility of expert testimony for abuse of discretion." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999).

Bowers first argues that the district court did not apply the appropriate test in analyzing the admissibility of the expert testimony at issue in this appeal. Bowers contends that *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253 (11th Cir. 2002),

2

requires a district court to use only the three-part test set forth in Fed. R. Evid. 702 to determine the admissibility of expert evidence. Accordingly, Bowers contends that the district court abused its discretion in applying the factors enumerated in *Daubert* and in the advisory committee notes to Fed. R. Evid. 702. We disagree. The district court did apply the three-part test set forth in Fed. R. Evid. 702 and, as part of its thorough and sifting analysis of the reliability prong of the test, considered the factors set forth in *Daubert* and the advisory committee notes to Fed R. Evid. 702. In the very case Bowers cites in support of his argument, we recognized:

> In deciding whether these requirements of Rule 702 are met, *Daubert* instructs courts to consider the following factors: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

*McCorvey*, 298 F.3d at 1256 (*citing Daubert*, 509 U.S. at 593-94, 113 S. Ct. 2786). It is obviously not an abuse of discretion, therefore, to apply the *Daubert* factors in analyzing the admissibility of expert evidence. Additionally, in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999), the Supreme Court stated that a trial judge has "broad latitude to determine" what factors are most appropriate to apply in a given case. *Id.* at 152-53, 119 S. Ct. 1176. Therefore, we conclude it is not an abuse of discretion for a district court to consider factors enumerated in the

advisory committee notes to Fed R. Evid. 702 when analyzing whether expert testimony is admissible under Fed. R. Evid. 702.

Bowers next argues that the district court abused its discretion in excluding Dr. Miller's expert testimony on causation. Bowers argues that the district court made factual errors in its analysis. While most of Bowers's arguments attempt to reargue the facts presented to the district court, one argument merits discussion. Bowers correctly contends that the district court made use of an unauthenticated document in its analysis of the admissibility of Dr. Miller's evidence on causation.[1] But, the district court only used the unauthenticated document in its analysis of one factor enumerated in the advisory notes to Fed. R. Evid. 702. The district court reasoned that Dr. Miller had not adequately accounted for obvious alternative explanations for the cause of Bowers's injury since he had not taken into account information on the unauthenticated document. (R.4-85 at 37.) But the district court's use of the unauthenticated document in its discussion of one of the nine factors was not critical to the outcome of its analysis. The district court found that all nine factors it considered (the four *Daubert* factors and the five advisory committee factors) favored

---

[1]During the deposition of Dr. Wardell, the Defendants introduced an exhibit, an emergency room chart from Coliseum Health Services, which they never authenticated. (Dr. Wardell's Dep. 70:5-6, Ex. D-6.) The Defendants later, while deposing Dr. Miller, asked questions about this unauthenticated document. (Dr. Miller's Dep. 52:13-17.)

exclusion of the expert testimony. (R.4-85 at 34, 38.) We conclude that even without relying on the unauthenticated document, the district court did not abuse its discretion in excluding the expert testimony when eight of the nine factors the district court considered counseled exclusion.

Bowers next argues that the district court abused its discretion in excluding the expert evidence offered by Dr. Wardell and Dr. Baker. The crux of Bowers's argument is that the district court applied the wrong test to determine admissibility of expert evidence. As discussed above, however, the district court has wide latitude to determine the appropriate factors to use in its analysis. Here, the district court's application of the *Daubert* and advisory committee factors was both thorough and careful. We conclude the district court did not abuse its discretion in excluding the expert evidence offered by Dr. Wardell and Dr. Baker.

Bowers next argues that the district court abused its discretion in excluding the expert testimony of Michael O'Brien. Specifically, Bowers contends that the district court improperly credited the testimony of the Defendants' fact witness over the expert testimony of O'Brien. This is incorrect. The district court excluded O'Brien's testimony because he admitted he was not qualified to determine the cause of Bowers's back injuries. (R.4-85 at 47-48). The district court did not abuse its discretion in excluding the expert testimony of O'Brien.

Finally, Bowers argues the district court erred in granting summary judgment. We disagree. Because Bowers cannot show causation, summary judgment for the Defendants was appropriate. Accordingly, we affirm the district court's grant of summary judgment for the Defendants.

AFFIRMED.